BEFORE THE FIRST DIVISION, JANUARY 14, 1954

**No. 57766.**—Chase Equipment Corp. *v.* United States, petition 7113–R (New York).

Opinion by OLIVER, C. J.   The petition was dismissed for lack of prosecution

BEFORE THE SECOND DIVISION, JANUARY 14, 1954

**No. 57767.**—Allied Food Corporation of America *v.* United States, petition 6931–R (New York).

Opinion by RAO, J.   The merchandise in question was entered at the invoice price of $6 per case and appraised on the basis of foreign value at $8.70 per case, net, packed.   Upon appeal for reappraisement, the court adopted United States value as the proper basis for determining the value of the importation and found that value to be $7.45 per case, net, packed.   The president of the petitioner testified that he was in Cuba during 1945 and 1946 and personally made arrangements with Industrias Ferro, S. A., for the production and sale of a special type of jelly for the American market; that the jelly was to be produced according to specifications provided by petitioner, under continuous United States Department of Agriculture inspections as to quality; and that this was a very special product and no other Cuban factory produced or was able to produce it.   Prior to the first importation of this merchandise—in all, there were 40 to 50 shipments—the witness consulted with the attaché of the American Embassy in Havana and with the Treasury representative in the Embassy concerning the proper value at which entry should be made.   The Treasury representative advised him to enter the merchandise on the basis of the manufacturer's cost, which was the invoice price. After the jelly began coming in, the witness was told that the appraiser at New York was delaying appraisements pending a determination of the proper value. The witness thereupon consulted his attorney who requested the appraiser to select a test case for appeal and withhold appraisement on the balance of the shipments.   On the record presented, it was held that entry of the importation at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.